IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARK McQUEEN, JR.,

       Plaintiff,           Civil No. 10-443-TC

       v.                            FINDINGS AND
                                         RECOMMENDATION

JUDGE ROXANNE OSBORN,

       Defendant.

COFFIN, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#1) is allowed subject to further review by the court. However, for the reasons set forth below, this action should be dismissed.

    A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989); <u>Jackson v. State of Ariz.</u>, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." <u>Neitzke</u>, 490 U.S. at 325; <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 882 (9th Cir. 1991); <u>Jackson</u>, 885 F.2d at 640.

1 - FINDINGS AND RECOMMENDATION

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also, Lopez, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987)  A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

2 - FINDINGS AND RECOMMENDATION

Plaintiff is apparently a pre-trial detainee in the Klamath County Jail. Plaintiff alleges as Claim 1: "My attorneys would not represent me properly, or they would dismiss them self or say there was a conflict of interest." Complaint (#2) p. 4. Plaintiff alleges as Claim 2: My judge is withholding my rights in this case, the O.R.C.P.C. 3.8 is being violated my parental rights, my O.M.M.C. rights have been violated Marital, Death and burial rights have been violated." (sic) Id. p. 5. Plaintiff's Claim 3 alleges that "they discriminated against (him)" and refers to matters concerning his daughter being raped in DHS custody (in 1997) and other matters child custody and apparent criminal prosecutions. Id. p. 6. "Judge Roxanne Osborn" is the only named defendant. Plaintiff seeks "legal aid coresponding (sic) to an attorney and replacement of judge." Id. p. 7.

Judge Osborn is entitled to absolute immunity from liability for damages under the well established doctrine of judicial immunity. Butz v. Economou, 438 U.S. 478 (1978). Pierson v. Ray, 386 U.S. 547 553-55 (1967).

To the extent that plaintiff's complaint can be construed as seeking equitable relief concerning the appointment of counsel to represent plaintiff or other matters having to do with his prosecution, he has not alleged a prima faci case for entitlement to injunctive relief. Moreover, this court should abstain from exercising jurisdiction over any possible claim under the doctrine of abstention. See, Moore v. Sims,

3 - FINDINGS AND RECOMMENDATION

442 U.S. 415 (1979) (policy against federal court intervention in state court judicial process); Younger v. Harris, 401 U.S. 37 (1971); see also, Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied 108 S.Ct. 1109 (1988).

Plaintiff's complaint fails to state a claim upon which relief can be granted and cannot be cured by amendment. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 6 day of May, 2010.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION